[692 NYS2d 702]

In the Matter of MICHAEL BIENSTOCK (Admitted as MICHAEL DAVID BIENSTOCK), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, July 6, 1999

APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn (*Melissa D. Epstein* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

*Michael Bienstock,* Brooklyn, respondent *pro se.*

### OPINION OF THE COURT

Per Curiam.

Michael Bienstock has submitted an affidavit, dated March 3, 1999, in which he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9).

In the course of his resignation, Mr. Bienstock admits that there are presently pending against him numerous charges of professional misconduct including neglect of his legal practice, failure to maintain adequate communication with his clients, failure to maintain required records for his attorney escrow account, failure to file retainer and closing statements with the Office of Court Administration, and attempting to limit his liability to clients and to settle claims for such liability with unrepresented clients.

Mr. Bienstock avers that his resignation is tendered voluntarily, free from coercion and duress, and with an awareness of its implications. He acknowledges his inability to successfully defend himself on the merits against the foregoing charges.

Mr. Bienstock further submits that, at the time he engaged in the acts of misconduct, he was suffering from depression. In instances where he settled claims with clients, he advised the clients that he had engaged in legal malpractice and informed them that they could sue him instead of accepting the settlement offer.

Mr. Bienstock is aware that his resignation is submitted subject to any application which may be made by the Grievance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection, pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of this Court to make such an order, and that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee recommends acceptance of the respondent's resignation.

Inasmuch as the proffered resignation conforms with all pertinent Court rules, it is accepted, the respondent is

disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, RITTER, SANTUCCI and JOY, JJ., concur.

Ordered that the resignation of Michael Bienstock is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael Bienstock is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Michael Bienstock shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael Bienstock is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.